1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                * * *

9 CARLOS SALCIDO,                    Case No. 3:17-cv-00280-MMD-VPC

10                    Petitioner,              ORDER

     v.

11

BAKER, *et al.*,

12

13                  Respondents.

14       This closed habeas matter comes before the Court for consideration of possible

15 issuance of a certificate of appealability (COA) following upon petitioner's timely filing of

16 a notice of appeal. (ECF No. 6.) The action was dismissed without prejudice after

17 petitioner failed to timely pay the filing fee in response to a court order.

18       When the district court denies relief on procedural grounds without reaching the

19 underlying constitutional claims, the petitioner must show in order to obtain a COA that:

20 (a) jurists of reason would find it debatable whether the petition stated a valid claim of a

21 denial of a constitutional right; and (b) jurists of reason would find it debatable whether

22 the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484

23 (2000). While both showings must be made, "a court may find that it can dispose of the

24 application in a fair and prompt manner if it proceeds first to resolve the issue whose

25 answer is more apparent from the record and arguments." 529 U.S. at 485.

26       Jurists of reason would not find it debatable whether the district court was correct

27 in its procedural dismissal. By an order entered on October 30, 2017, the Court denied

28 petitioner's pauper application and gave petitioner thirty (30) days from entry of the order

1 | within which to have the filing fee sent to the Clerk of Court. The order informed petitioner:

2 | "Failure to timely comply with this order will result in the dismissal of this action without

3 | further advance notice." (ECF No. 3.) Neither the record nor the Court's administrative

4 | records reflected payment of the filing fee thereafter. Accordingly, on January 19, 2018,

5 | more than eighty (80) days after entry of the prior order, the action was dismissed without

6 | prejudice for failure to pay the filing fee. (ECF Nos. 4 and 5.) On the record presented,

7 | jurists of reason would not find the dismissal without prejudice to be debatable.

8 | It therefore is ordered that a certificate of appealability is denied.[1]

9 | The Clerk will transmit a copy of this order to the Court of Appeals in connection

10 | with the pending appeal.

11 | DATED THIS 1st day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]While a brief period of time possibly remains in the federal limitation period at this point, petitioner at all times remains responsible for: (a) himself properly calculating the application of the limitation period to his particular case; and (b) timely seeking federal habeas relief in a properly commenced action, which includes timely payment of the filing fee if pauper status is not granted. If petitioner allows the federal limitation period to expire while pursuing the present appeal without timely filing a new petition in a new action before the limitation period expires, his claims thereafter may be time-barred. *See* 28 U.S.C. § 2244(d). Petitioner therefore may wish to consider filing a new petition in a new action with dispatch. The present action, however, is, and remains, closed, following upon petitioner's failure to properly commence the action by timely paying the filing fee after having been given an opportunity to do so.