UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CARLOS SALCIDO, | Case No. 3:17-cv-00280-MMD-VPC |
|---|---|
| Petitioner, | |
| v. | ORDER |
| BAKER, *et al.*, | |
| Respondents. | |

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court following upon a letter (ECF No. 9) filed by petitioner, which the Court is construing liberally as a Rule 60(b) motion for post-judgment relief.

The Court previously dismissed the action without prejudice after petitioner failed to pay the filing fee within the time allowed by an order entered on October 30, 2017. (See ECF Nos. 3 through 5.) Petitioner asserts in his recent letter that he never received the order denying his pauper application and directing him to pay the filing fee. He further asserts that the prison law library states that the library did not receive the order, and he attaches an unauthenticated research note from the law library stating that he had no incoming legal mail entries for "October 2017." The order in question, again, was not entered and mailed prior to October 30, 2017.

A district court does not have jurisdiction over a Rule 60(b) motion in a matter on appeal prior to issuance of the mandate, unless leave is obtained from the court of appeals to consider the motion. *See, e.g., Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772-73 (9th Cir. 1986). This matter is pending before the court of appeals, and this court therefore does not have jurisdiction

1  over the present motion. However, the petitioner may ask the district court whether it
2  wishes to entertain the motion, or to grant it, and then move for a remand in the court of
3  appeals. *Cf. Gould*, 790 F.2d at 772.

The Court will construe the lay petitioner's letter liberally as such a request to the district court. The Court will provisionally consider the motion and request, but it does not have sufficient properly authenticated information at this point to certify in connection with the pending appeal as to whether it wishes to entertain and/or grant the motion. The Court will direct service upon the respondents with a directive that respondents file a copy of any available incoming legal mail log for the pertinent time period. The Court further will direct the Clerk to copy the Court of Appeals with this order in order to apprise the appellate court in connection with the pending appeal that the district court is provisionally considering a pending Rule 60(b) motion but has not yet determined whether it wishes to entertain and/or grant the motion.

It is therefore ordered that the Clerk of Court informally electronically serve the Nevada Attorney General with a copy of the petition and this order, along with regenerated notices of electronic filing of the remaining filings herein.

It is further ordered that, within thirty (30) days of entry of this order, counsel must enter a notice of appearance and respondents must file a declaration by an appropriate officer or records custodian either (a) attesting to the absence of any legal mail received from the Court to petitioner Carlos Salcido, # 1079948, in the Lovelock Correctional Center Law Library from October 30, 2017, through January 19, 2018, or (b) authenticating the pertinent page or portion of the mail log showing such receipt of incoming mail from the Court to petitioner, with the remaining entries for other prisoners on the copy of the page or portion of the log being redacted.

///
///
///
///

2

The Clerk further will send a copy of this order to the Court of Appeals in connection with No. 18-15160 in that court in order to apprise the appellate court of the provisional action taken herein.

DATED THIS 15th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE