UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARLOS SALCIDO,<br><br>        Petitioner,<br>v.<br>BAKER, *et al.,*<br><br>        Respondents. | Case No. 3:17-cv-00280-MMD-VPC<br><br>ORDER |

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"), as well as upon Petitioner's motion for appointment of counsel and motion for leave of court to file a longer than normal petition, which he submitted with the petition. (ECF Nos. 1-1, 1-2 & 1-3.) The filing fee has been paid. (ECF No. 17.)

    The motion to file a longer than normal petition will be granted in part to the extent that the Court will grant Petitioner leave to file the pleading and attachments presented. The motion otherwise will be denied as unnecessary because there is no page limitation for a habeas petition under Local Rule LSR 3-2(b), subject to the Court's authority to order a petitioner to amend a prolix petition.

    On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies

1

within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986).

The Court does not find that the interests of justice require the appointment of counsel in this action. From a preliminary review, it does not appear at this juncture that an evidentiary hearing necessarily will be required as to either the merits or a procedural defense. Petitioner has demonstrated an adequate ability to articulate his position herein with the resources available to him. Petitioner presents fourteen grounds, but the claims are not of such complexity that petitioner would not be able to adequately pursue the claims with the ability level that he has demonstrated. While almost any lay litigant perhaps would be better served by the appointment of counsel, that is not the standard for appointment. The length of petitioner's sentences does not otherwise weigh heavily in favor of appointment within the context of the other factors.[1] Petitioner's motion does not lead to a contrary finding by the Court. The motion therefore will be denied.

Following its initial review of the petition, the Court will direct a response.

It is therefore ordered that: (a) the Clerk of Court will file the petition (ECF No. 1-1) and accompanying motions; (b) Petitioner's motion for appointment of counsel (ECF No. 1-2) is denied; (c) Petitioner's motion for leave of court to file a longer than normal petition (ECF No. 1-3) is granted in part to the extent that the Court has directed the filing of the petition and otherwise is denied as unnecessary; and (d) the Clerk will reflect the foregoing dispositions on the motions when docketing the motions, in a manner consistent with the Clerk's current practice for such matters.

It is further ordered that Respondents, who previously have appeared herein, will have sixty (60) days from entry of this order within which to respond to the petition. Any

---

[1] The petition reflects that Petitioner's sentences, in the aggregate, began running in May 2011 and are projected to fully expire in February 2024, such that his maximum total incarceration would be just under 13 years, subject to the possibility of parole prior to the full expiration of the final sentence. (*See* ECF No. 1-1, at 2.)

2

response filed will comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.

It is further ordered that any procedural defenses raised by Respondents in this case will be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss and not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It further is ordered that, in any answer filed on the merits, Respondents will specifically cite to and address the applicable state court written decision and record materials, if any, regarding each claim within the response as to that claim.

It further is ordered that Respondents will file a set of exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra.*

It further is ordered that all exhibits filed herein will be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further will be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

1 It further is ordered that counsel will send a hard copy of all exhibits filed for this case to the Reno Clerk's Office.

It further is ordered that Petitioner will have thirty (30) days from service of the answer, motion to dismiss, or other response to dispatch a reply or response to the Clerk of Court for filing.

It further is ordered that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure. The Court and the Clerk do not respond to letters and do not take action based upon letters, other than a request for a status check on a matter submitted for more than ninety days. Further, neither the Court nor the Clerk can provide legal advice or instruction.

DATED THIS 22nd day of June 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE