# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARLOS SALCIDO,<br><br>                Petitioner,<br>v.<br>BAKER, *et al.*,<br><br>                Respondents. | Case No. 3:17-cv-00280-MMD-CBC<br><br>ORDER |

## I. SUMMARY

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss. (ECF No. 25.) Petitioner has not opposed, and the time for doing so has expired. As explained below, the Court will grant in part, and deny in part, the motion.

## II. BACKGROUND

Petitioner challenges his 2012 conviction for assault with a deadly weapon, attempted murder with the use of a deadly weapon and with the intent to promote, further or assist a criminal gang, battery with use of a deadly weapon with the intent to promote, further or assist a criminal gang, carrying a concealed firearm or other deadly weapon, robbery with the use of a deadly weapon, and battery with use of a deadly weapon. (ECF No. 19 at 2.) Petitioner pursued a direct *Lozada* appeal and a postconviction petition for habeas relief in the state courts, and the state's highest courts affirmed in both cases. (Exhibits ("Exs.") 54, 65, 78, 82, 93, 97.)[1]

---

[1]The Court refers to the exhibits filed at ECF Nos. 26-28.

In his federal habeas petition, Petitioner asserts fourteen claims for relief. (ECF No. 19.) Respondents argue that Grounds 2, 3, 4, 5 and 7 have not been exhausted, and that Grounds 1, 2, 3, 4, and 5 are not cognizable. For the reasons that follow, the motion will be granted in part and denied in part, and Petitioner will be directed to advise the Court how he would like to proceed on his mixed petition.

**III. DISCUSSION**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**A. Ground 1**

In Ground 1, Petitioner asserts a violation of his Fifth and Fourteenth Amendment due process rights because the trial court participated in a discussion of a potential plea agreement. (ECF No. 19 at 3.) Respondents assert that this alleges only a violation of state law and move to dismiss the claim as not cognizable on federal habeas review. The Court disagrees. Ground 1 asserts the state court violated his federal due process rights

and is not a claim of only a state law violation. Ground 1 is therefore a cognizable habeas claim.

**B. Ground 2**

In Ground 2, Petitioner asserts that the state court violated his federal due process rights by admitting prior bad act evidence without first conducting a *Petrocelli* hearing. (ECF No. 19 at 5.) While "it is not the province of the federal habeas court to reexamine state court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 68 (1991), and therefore, as a general rule, federal courts may not review a trial court's evidentiary rulings, *Crane v. Kentucky*, 476 U.S. 683, 689 (1986), a state court's evidentiary ruling can be grounds for federal habeas relief if it is so fundamentally unfair as to violate due process. *See Dillard v. Roe*, 244 F.3d 758, 766 (9th Cir. 2001); *see also Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998) (The federal court's "role is limited to determining whether the admission of evidence rendered the trial so fundamentally unfair as to violate due process."). Petitioner has alleged that the state court's evidentiary ruling violated his due process rights and therefore has stated a cognizable federal habeas claim.

Respondents argue that, nevertheless, Ground 2 is unexhausted because it was not presented as a federal claim to the state courts. The Court agrees. On his *Lozada* appeal, Petitioner raised this claim only as a matter of state law and did not allege the trial court's decision violated his federal rights at all, let alone his federal due process rights. (Exs. 54, 63.) None of the cases cited in the briefs rely on the federal due process clause. (Exs. 54, 63.) Nor did the Nevada Supreme Court decide this as a federal claim. (Ex. 65.) Petitioner did not otherwise raise this as a federal claim in his state postconviction habeas petition, and the Nevada Court of Appeals did not address any such claim. (Exs. 93, 97.) Ground 2 is therefore unexhausted.

///

3

## C. Ground 3

In Ground 3, Petitioner asserts that his Sixth and Fourteenth Amendment rights to confrontation were violated when the court took judicial notice of a witness' prior identification of Petitioner. (ECF No. 19 at 10.) For the same reasons as Ground 2, the Court is not persuaded that this claim is not cognizable. The Court is further not persuaded that the claim is unexhausted. Petitioner raised Ground 3 as a Sixth Amendment confrontation right claim in his direct *Lozada* appeal. (Ex. 53 at 17-18.) Ground 3 is exhausted.

## D. Ground 4

In Ground 4, Petitioner asserts that his Fifth and Fourteenth Amendment rights to due process were violated when the trial court improperly allowed expert opinion on a matter of law. (ECF No. 19 at 16.) Again, and for the same reasons as Ground 2, the Court finds Ground 4 states a cognizable federal habeas claim as it asserts the trial court's evidentiary ruling violated his due process rights.

As to exhaustion, Petitioner did not raise Ground 4 as a federal claim in his direct *Lozada* appeal. (Exs. 54, 63, 65.) In his postconviction petition, however, he asserted that the expert's testimony resulted in a violation of his federal due process rights and argued the claim should be considered on the merits due to counsel's ineffective assistance. (Ex. 93 at 42; Ex. 95 at 7.) The Nevada Court of Appeals, in addressing the ineffective assistance of counsel claim, reaffirmed that the evidence was not improperly admitted. (Ex. 97 at 3.) Under these circumstances, the Court finds the claim to be exhausted.

## E. Ground 5

In Ground 5, Petitioner asserts that his Fifth and Fourteenth Amendment rights were violated when the prosecutor improperly led a witness. (ECF No. 19 at 19.) For the reasons previously discussed, the Court is not persuaded by Respondents' argument that this claim is not cognizable. It is, however, unexhausted, as Petitioner never presented

4

Ground 5 as a federal claim in either his direct *Lozada* appeal, or his postconviction petition appeal, nor was this claim decided on federal constitutional grounds by the state's highest courts in either appeal. (*See* Exs. 54, 63, 65, 93, 97.)

**F. Ground 7**

In Ground 7, Petitioner asserts his Fifth, Sixth, and Fourteenth Amendment rights to due process were violated by cumulative error. Petitioner presented a federal constitutional due process cumulative error claim on his direct *Lozada* appeal. (Ex. 54 at 26-27.) Thus, to the extent Ground 7 relies on claims presented in the direct *Lozada* appeal, the claim is exhausted. To the extent Ground 7 relies on any claims not presented in the *Lozada* appeal, however, it is unexhausted. Petitioner did not present a cumulative error claim on appeal of his postconviction habeas petition, nor did the Nevada Court of Appeals decide any such claim. (*See* Exs. 93, 95); *see also Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). Accordingly, Ground 7 is exhausted only as to the claims presented in the direct *Lozada* appeal and not as to any other claims.

**IV. OPTIONS ON MIXED PETITION**

A federal court may not entertain a habeas petition unless the Petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *See id.* Because Petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Petitioner is cautioned that stays are available only in limited circumstances and that if he files a motion to stay and abey, he must show good cause for the failure to exhaust and that his claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If Petitioner fails to file a motion as set forth above, his petition will be dismissed without prejudice as a mixed petition.

## V. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 25) is granted in part and denied in part as follows:

1. The motion to dismiss Grounds 1-5 as non-cognizable is denied;

2. Grounds 2, 5 and 7 (in part) are unexhausted.

It is further ordered that Petitioner will have thirty days from the date of this order within which to either (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claims; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. Failure to comply with this order will result in the dismissal of this mixed petition without prejudice and without further advance notice.

DATED THIS 29th day of April 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE